UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Civil Division**

| | |
|---|---|
| PABLO SALOMON CHICAS TEJADA, )<br>)<br>c/o Immigrants First PLLC )<br>9401 Centreville Rd, Suite 204 )<br>Manassas, VA 20110 )<br>***Plaintiff,*** )<br>)<br>v. )<br>)<br>TODD M. LYONS, in his official )<br>capacity as Acting Director of ICE; )<br>)<br>500 12th St., SW )<br>Washington, D.C. 20536 )<br>)<br>PAUL CAPICCHIONI, in his official capacity )<br>as Assistant Field Office Director of )<br>Washington Field ICE Office; )<br>)<br>14797 Murdock St., )<br>Chantilly, VA 20151 )<br>) Civil Action No. 1:25CV944<br>KRISTI NOEM, in her official )<br>capacity as Secretary of DHS; )<br>)<br>Secretary of Homeland Security )<br>Washington, DC 20508 )<br>)<br>JEFFREY CRAWFORD, in his official )<br>capacity as Warden of Farmville )<br>Detention Center; )<br>)<br>508 Waterworks Rd, )<br>Farmville, VA 23901 )<br>)<br>PAMELA BONDI, in her official )<br>capacity as Attorney General of the )<br>United States; )<br>)<br>950 Pennsylvania Avenue, NW )<br>Washington, DC 20530-0001 )<br>***Defendants.*** ) | |

1

## COMPLAINT FOR INJUNCTIVE RELIEF

### INTRODUCTION

1. Plaintiff Pablo Salomon Chicas Tejada ("Plaintiff" or "Mr. Chicas"), A# 240-069-084, is a native and citizen of El Salvador who has lived in the United States since 2006. He is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Farmville Detention Center in Virginia.

2. Plaintiff is the beneficiary of an approved family-based I-130 petition filed by his now-deceased U.S. citizen father. *See* **Exhibit A**: I-130 Approval Notice. His removal would cut him off from the possibility of humanitarian reinstatement and adjustment of status.

3. Plaintiff is also statutorily eligible for cancellation of removal under INA § 240A(b) as he has a qualifying relative, a U.S. citizen child, yet ICE seeks to remove him before he can present this relief before an immigration judge.

4. Plaintiff is under imminent threat of removal without a hearing, violating his statutory and constitutional rights. Removal would irreparably separate him from his family and foreclose relief to which he is legally entitled.

5. Plaintiff seeks an emergency injunction enjoining ICE from removing or transferring him until the Court resolves the merits of his petition.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides federal question jurisdiction over cases arising under Constitution, federal laws, or treaties of the United States, including immigration and due process claims.

2. Additionally, 28 U.S.C. § 2241 authorizes federal courts to grant habeas corpus relief to individuals who are "in custody" in violation of the Constitution, federal laws, or treaties of the United States.

3. Venue is proper under 28 U.S.C. § 1391 because Plaintiff is currently detained at Farmville Detention Center, which is located within the jurisdiction of the Eastern District of Virginia.

### PARTIES

1. Plaintiff Pablo Salomon Chicas Tejada is a native and citizen of El Salvador who has resided in the United States since 2006. He is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Farmville Detention Center in Farmville, Virginia.

2. Defendant U.S. Immigration and Customs Enforcement (ICE) is the agency within the Department of Homeland Security ("DHS") responsible for the enforcement of federal immigration laws, including detention and removal of noncitizens. ICE is the agency detaining Plaintiff and has authority over his removal.

3. Defendant Todd M. Lyons is the Acting Director of ICE. In his official capacity, he oversees all ICE operations nationwide, including detention and removal decisions. He is responsible for setting and enforcing ICE policy and may authorize or delay removal of noncitizens in ICE custody.

4. Defendant Paul Capicchioni is the Assistant Field Office Director for the ICE Washington Field Office, which has jurisdiction over Farmville Detention Center and Plaintiff's custody. He oversees enforcement and removal operations in the region and is directly involved in making decisions about Plaintiff's detention and removal.

5. Defendant U.S. Department of Homeland Security (DHS) is the federal department under which ICE operates. DHS sets policies and guidelines for immigration enforcement and is legally responsible for Plaintiff's detention and removal under federal immigration law.

6. Defendant Kristi Noem is the Secretary of DHS. In her official capacity, she is the highest-ranking official in DHS and is ultimately responsible for the operations, policies, and actions of ICE and other immigration-related subagencies, including compliance with constitutional and statutory requirements.

7. Defendant Jeffrey Crawford is the Warden of Farmville Detention Center, the facility where Plaintiff is currently detained. As warden, he has immediate and direct control over Plaintiff's physical custody and is responsible for ensuring that ICE's directives are carried out at the facility.

8. Defendant Pamela Bondi is the Attorney General of the United States. Immigration Judges and the Board of Immigration Appeals adjudicate removal proceedings and applications for relief under the delegated authority of the Attorney General. In this capacity, she is responsible for ensuring the proper administration of immigration adjudications.

9. All Defendants are sued in their official capacities only.

**FACTUAL BACKGROUND**

3

1. Plaintiff entered the United States in 2006 and has resided here continuously for over 18 years.

2. Plaintiff is the beneficiary of an I-130 petition filed by his U.S. citizen father. The petition was approved in August 2022.

3. In January 2024, Plaintiff's father passed away, potentially qualifying Plaintiff for humanitarian reinstatement under 8 C.F.R. § 205.1(a)(3)(i)(C).

4. On or about May 9, 2025, Plaintiff was arrested and later transferred to ICE custody at Farmville Detention Center.

5. Plaintiff has not received a bond hearing, credible fear interview, or the opportunity to pursue either cancellation of removal or adjustment of status.

6. ICE officers have informed Plaintiff's family that he could be removed at any moment, without a scheduled hearing.

7. Plaintiff's removal would preclude adjudication of his available statutory remedies and constitute irreparable harm.

## LEGAL BACKGROUND

1. INA § 240A(b) provides that a noncitizen is eligible for cancellation of removal if they: (1) have been continuously present in the U.S. for ten years; (2) have good moral character; (3) have no disqualifying convictions; and (4) can show exceptional and extremely unusual hardship to a qualifying relative.

2. Humanitarian reinstatement is available under 8 C.F.R. § 205.1(a)(3)(i)(C) when a petitioner dies after approval of an I-130, and the beneficiary demonstrates compelling reasons to retain the benefit.

3. The removal of an individual prior to adjudicating their statutory relief constitutes a deprivation of due process under the fifth amendment.

## CLAIMS FOR RELIEF

1. **Plaintiff is likely to succeed on the merits of his habeas petition because he has viable claims for relief.**

4

Plaintiff is eligible for multiple forms of immigration relief, including adjustment of status based on a previously approved I-130 petition, and cancellation of removal under INA § 240A(b). He has not yet been afforded the opportunity to present these claims before an immigration judge. Removal at this stage would unlawfully eliminate his ability to pursue these forms of relief and deprive him of due process.

### a. Plaintiff is eligible for adjustment of status through humanitarian reinstatement of an approved I-130 petition.

Under 8 C.F.R. § 205.1(a)(3)(i)(C), USCIS has discretion to reinstate an approved I-130 petition when the Plaintiff has passed away after approval, and a substitute sponsor is available. This is known as humanitarian reinstatement and is available when the beneficiary (here, Plaintiff) demonstrates compelling reasons to preserve the approved petition.

Here, Plaintiff's I-130 was approved by his U.S. citizen father in August 2022. Although his father passed away in January 2024, Plaintiff remains eligible for humanitarian reinstatement because the petition was approved prior to the petitioner's death, and his family in the U.S. is willing to serve as a substitute financial sponsor. Additionally, Plaintiff has resided in the U.S. since 2006, demonstrating strong equities and long-term residence. There is also no final order of removal, and the case has not been fully adjudicated by an immigration judge.

Given these facts, Plaintiff is eligible to apply for adjustment of status. Removing him before he can request humanitarian reinstatement and pursue this relief would deprive him of a statutory remedy and violate due process.

### b. Plaintiff is eligible for cancellation of removal under INA § 240A(b).

To qualify for cancellation of removal under INA § 240A(b), a non-citizen must demonstrate: (1) physical presence in the U.S. for at least 10 years; (2) good moral character during that period; (3) no disqualifying criminal convictions; and (4) removal would result in exceptional and extremely unusual hardship to a qualifying U.S. citizen or LPR spouse, parent, or child.

Here, Plaintiff has resided in the United States continuously since 2006. He has strong family ties, including a U.S. citizen child who will experience exceptional and extremely unusual hardship if he is removed. Although Plaintiff has a pending criminal matter, he has not been convicted and therefore remains statutorily eligible for cancellation unless disqualified under INA § 240A(b)(1)(C). Until an actual conviction occurs that places him outside of the various exceptions, Plaintiff remains eligible. ICE detention and expedited removal prevent the Immigration Judge from making these determinations on a complete record.

Plaintiff meets the statutory threshold for cancellation and should be permitted to submit evidence and testimony to an Immigration Judge. Premature removal would deny him access to this discretionary relief.

## 2. Emergency Temporary Restraining Order (TRO) should be given because Plaintiff faces imminent and irreparable harm.

A temporary restraining order ("TRO") is appropriate when the movant demonstrates: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### a. Likelihood of success on the merits

Plaintiff is likely to succeed on the merits because he has viable claims for relief, including adjustment of status through humanitarian reinstatement of an approved I-130 petition and cancellation of removal under INA § 240A(b). He has not been given an opportunity to present these claims before an immigration judge, and removal at this stage would unlawfully deny him access to those remedies.

### b. Likelihood of suffering irreparable harm in the absence of relief

If Plaintiff is removed before having the opportunity to present his claims for relief, he will suffer irreparable harm through permanent separation from his family, a potential ten-year bar to reentry, and the loss of any chance to seek adjustment of status or cancellation of removal. This harm cannot be remedied through later judicial review because Plaintiff would already have been removed and barred from return.

### c. Balance of equities tips in their favor

Plaintiff risks permanent family separation, the loss of legal relief, and removal to a country he has not lived in for nearly two decades, while the government would face only a brief delay to allow proper legal review. Courts have recognized that such a delay imposes minimal burden on the government compared to the serious and irreversible harm to the individual.

### d. An injunction is in the public interest

The public interest is best served when the government respects due process and follows its own laws, ensuring that individuals with viable legal claims are not removed before their cases can be heard. Preventing unnecessary family separation and honoring humanitarian principles promotes social stability and upholds rule-of-law values at the core of the United States Constitution and immigration system. Issuance of a temporary restraining order therefore aligns with both justice and the public interest.

Plaintiff satisfies all four requirements and seeks only a brief pause in his removal to ensure that lawful procedures are followed before irreparable harm occurs.

### 3. Plaintiff's procedural due process rights have been violated.

Under the Fifth Amendment, all individuals physically present in the United States, regardless of immigration status, are entitled to procedural due process before being deprived of liberty or the ability to remain in the country.

Here, Plaintiff has not been afforded a meaningful opportunity to apply for relief, appear before an immigration judge, or challenge his removal. The government's failure to provide notice, access to proceedings, and an opportunity to be heard before executing removal violates the basic protections guaranteed by the Constitution.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order enjoining Defendants from removing, transferring, or taking any adverse enforcement action against Plaintiff while this action is pending;
2. Order Defendants to show cause why a preliminary injunction should not be granted;
3. Grant habeas corpus relief under 28 U.S.C. § 2241;
4. Declare that Plaintiff is entitled to due process before removal;
5. Award any additional relief that the Court deems just and proper.

Respectfully submitted, this 5th day of June, 2025

_____
David Sung Won Kim, Esq.
Counsel for Plaintiff
Virginia Bar #: 84052
Immigrants First, PLLC
9401 Centreville Rd, Ste 204
Manassas, VA 20110
(P) (703) 335-2009; (F) (703) 335-5755; (E) davidkim410@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June 2025, a copy of the foregoing **Complaint for Injunctive Relief** was mailed, via PACER/certified mail, to:

TODD M. LYONS, Acting Director of ICE
500 12th St., SW
Washington, D.C. 20536

PAUL CAPICCHIONI, Assistant Field Office Director of Washington Field ICE Office
14797 Murdock Street
Chantilly, VA 20151

KRISTI NOEM, Secretary of DHS
Secretary of Homeland Security
Washington, DC 20508

JEFFREY CRAWFORD, Warden of Farmville Detention Center
508 Waterworks Rd,
Farmville, VA 23901

PAMELA BONDI, Attorney General of the United States,
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


_/s/ David Kim_

David Sung Won Kim, Esq.